**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 26-21368-GLT |
| | ) |
| EDWARD JOSEPH REICK, JR. and | ) Chapter 13 |
| PATRICIA LOUISE REICK, | ) |
|     Debtor(s) | ) |
| | ) Hearing Date and Time: |
| EDWARD JOSEPH REICK, JR. and | )  September 16, 2026 at 1:30 p.m. |
| PATRICIA LOUISE REICK, | ) |
|     Movant(s) | ) Objection Date: August 21, 2026 |
| | ) |
|     v. | ) |
| | ) |
| RONDA J. WINNECOUR, | ) |
| CHAPTER 13 TRUSTEE, | ) |
|     Respondent(s) | ) |

**MOTION OF DEBTORS TO VOLUNTARILY DISMISS
CHAPTER 13 CASE PURSUANT TO 11 U.S.C. § 1307(b)**

AND NOW come the Debtors, Edward Joseph Reick, Jr. and Patricia Louise Reick, by and through their undersigned counsel, and respectfully move this Honorable Court to dismiss this Chapter 13 case without prejudice pursuant to 11 U.S.C. § 1307(b), and in support thereof state as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

2. On May 13, 2026, the Debtors filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, commencing the above-captioned case at Bankruptcy No. 26-21368-CMB.

3. Ronda J. Winnecour is the duly appointed and acting Chapter 13 Standing Trustee in this case.

4. On July 23, 2026, this Court entered an Order Confirming Chapter 13 Plan on an Interim Basis [Document No. 27].

5. On July 29, 2026, the Chapter 13 Trustee filed an Objection to Debtors' Claim of Exemptions [Document No. 29], which is presently scheduled for hearing on August 28, 2026 at 11:30 a.m. in Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania.

6. On July 31, 2026, this case was reassigned to the Honorable Gregory L. Taddonio, Chief United States Bankruptcy Judge, pursuant to Standing Order 26-208 [Document No. 31].

7. There are no motions for relief from the automatic stay pending in this case.

8. This case has not been converted to a case under any other chapter of the Bankruptcy Code. This case has not been converted under 11 U.S.C. § 706, 11 U.S.C. § 1112, or 11 U.S.C. § 1208.

9. Section 1307(b) of the Bankruptcy Code provides: "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." 11 U.S.C. § 1307(b). Any waiver of the right to dismiss under that subsection is unenforceable. *Id.*

10. This Court has held that the plain language of § 1307(b) mandates dismissal of a Chapter 13 case upon the debtor's request in terms "even more definitive than those considered by the Supreme Court in *Marrama*, *Siegel*, and *Harris*" and that the existence of judicial discretion to deny such a request is doubtful. *In re Cenk*, 612 B.R. 323 (Bankr. W.D. Pa. 2020).

11. In accordance with W.PA.LBR 1017-1(a), the Debtors state that the reason for the requested dismissal is that the Debtors have determined that they no longer wish to proceed under Chapter 13 and intend to satisfy their obligations to their creditors directly, outside of bankruptcy.

12. In further accordance with W.PA.LBR 1017-1(a), the Debtors state that no arrangement or agreement has been made with any creditor or other person in connection with this request for dismissal.

13. In further accordance with W.PA.LBR 1017-1(a), the Debtors state that no payment or consideration, lump sum or otherwise, has been received or is anticipated by the Debtors or by their counsel in connection with this request for dismissal.

14. The Debtors acknowledge that upon dismissal of this case the automatic stay of 11 U.S.C. § 362(a) will terminate pursuant to 11 U.S.C. § 362(c)(2)(B), and that their creditors may thereafter resume collection activity.

15. Upon dismissal, property of the estate revests in the Debtors pursuant to 11 U.S.C. § 349(b)(3). The Debtors respectfully request that the Chapter 13 Trustee be directed to disburse any funds held on hand in accordance with the confirmed Chapter 13 Plan and applicable law, after payment of the Trustee's percentage fee and any allowed administrative expense claims.

16. This Motion, together with the proposed Order submitted herewith and a Notice of Hearing and Response Deadline, has been served upon the Chapter 13 Trustee, the Office of the United States Trustee, and all creditors and parties in interest in accordance with Fed. R. Bankr. P. 1017(f)(2) and 9013 and W.PA.LBR 9013-5.

WHEREFORE, the Debtors, Edward Joseph Reick, Jr. and Patricia Louise Reick, respectfully request that this Honorable Court enter an Order in the form submitted herewith:

(a) granting this Motion;

(b) dismissing this Chapter 13 case without prejudice pursuant to 11 U.S.C. § 1307(b);

(c) directing the Chapter 13 Trustee to disburse any funds on hand in accordance with the confirmed Chapter 13 Plan and applicable law, after payment of the Trustee's percentage fee and any allowed administrative expense claims; and

(d) granting such other and further relief as this Court deems just and proper.

Date: August 4, 2026.

Respectfully submitted,

/s/ Chad Thomas Van Horn
Chad Thomas Van Horn, Esquire
FL Bar # 64500
VAN HORN LAW GROUP, P.A.
5001 Baum Blvd., Suite 417
Pittsburgh, PA 15213
Phone: (412) 399-0000
Email: chad@cvhlawgroup.com
Counsel for Debtors