FILED
9/8/26 8:34 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Case No. 26-21368-GLT |
| | : | |
| **EDWARD JOSEPH REICK, JR.** and | : | |
| **PATRICIA LOUISE REICK**, | : | Chapter 13 |
| | : | |
| *Debtors*. | : | Related to Dkt. No. 29 |
| | : | |

**ORDER**

The Court held a hearing on the *Chapter 13 Trustee's Objection to Debtors' Exemptions*[1] at which counsel for the Debtors did not appear. Rather than file a response to the objection, the Debtors sought to voluntarily dismiss their case. Because the record raises several issues, further inquiry is required before the trustee's objection can be resolved.

The Debtors claimed a homestead exemption under 11 U.S.C. § 522(d)(1) equal to 100% of the value of the real property located at 317 Larch Lane, Pittsburgh, Pennsylvania.[2] Section 522(d)(1), however, permits a debtor to exempt only the debtor's aggregate interest in qualifying property up to the statutory cap, which is presently $31,575.[3] Thus, the exemption is not unlimited merely because it is claimed on the petition.

This is not an isolated incident. In several other cases, Debtors' counsel, the Van Horn Law Group, P.A. ("VHLG"), asserted exemptions far in excess of the amounts allowed under 11 U.S.C. § 522(d)(1).[4] And because the Debtors now seek to dismiss their case after only four

---

1 See *Chapter 13 Trustee's Objection to Debtors' Exemptions,* Dkt. No. 29.

2 See *Voluntary Petition for Individuals Filing for Bankruptcy, Schedule C: The Property You Claim as Exempt*, Dkt. No. 1.

3 11 U.S.C. § 522(d)(1).

4 Though the trustee's objections to the exemptions in those cases have yet to be adjudicated, the debtors did not file a response. See, e.g., In re Frankhouser, Case No. 26-21367; In re: Filipovic, Case No. 26-21424; In re: Schilling, Case No. 26-21235. Similar to this case, Mr. Schilling is also requesting dismissal.

months, the Court questions whether the case was commenced in good faith or was based on faulty legal advice. If the latter, the Court further questions whether VHLG possesses the requisite skills, experience, and competence to practice bankruptcy law in this district.

The Court is also concerned with the fee arrangement in this case. VHLG agreed to charge $5,000 for its representation, of which $400 was received prior to filing.[5] Given the abbreviated duration of this case, the Court questions whether the fees are reasonable and appropriate considering the work actually performed and the value received by the Debtors.

Against this backdrop, the Court wanted VHLG to explain why the Debtors chose to file for bankruptcy relief and whether they were told they could exempt all of the equity in their home. The Court also requires additional information about the Debtors' decision to seek dismissal. Because no one appeared for the Debtor at the hearing, these questions remain unanswered.

Based upon the foregoing and for the reasons stated on the record at the August 28, 2026 hearing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The hearing on the *Chapter 13 Trustee's Objection to Debtors' Exemptions* [Dkt. No. 29] is **CONTINUED** to **September 16, 2026 at 3:30 p.m.** at which Chad Van Horn shall personally appear in Pittsburgh in Courtroom A, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA, 15219.

2. On or before **September 11, 2026**, Attorney Van Horn shall file a response to this Order.

3. Notwithstanding any subsequent dismissal of this case, the Court shall retain jurisdiction over this matter to address the issues identified in this Order.

---

[5] See *Disclosure of Compensation of Attorney for Debtor(s)*, Dkt. No. 5.

Dated: September 8, 2026

**GREGORY L. TADDONIO**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

drb

Case administrator to mail to:
Debtors

United States Bankruptcy Court

Western District of Pennsylvania

In re:
Edward Joseph Reick, Jr.
Patricia Louise Reick
Debtors

Case No. 26-21368-GLT
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0315-2 User: auto Page 1 of 2

Date Rcvd: Sep 08, 2026 Form ID: pdf900 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 10, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Edward Joseph Reick, Jr., 317 Larch Lane, Pittsburgh, PA 15234-2534 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 8, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brent J. Lemon | on behalf of Creditor Duquesne Light Company Brent.Lemon@mccalla.com mccallaecf@ecf.courtdrive.com |
| Chad T Van Horn | on behalf of Debtor Edward Joseph Reick Jr. chad@cvhlawgroup.com, chad@ecf.inforuptcy.com,cmecf@cvhlawgroup.com,vanhorn.chadb104447@notify.bestcase.com,van-horn-law-group-pa@pacer.glade.ai |
| Chad T Van Horn | on behalf of Joint Debtor Patricia Louise Reick chad@cvhlawgroup.com chad@ecf.inforuptcy.com,cmecf@cvhlawgroup.com,vanhorn.chadb104447@notify.bestcase.com,van-horn-law-group-pa@pacer.glade.ai |
| Gary W. Darr | on behalf of Creditor First Commonwealth Bank gdarr@lenderlaw.com |

| | |
|---|---|
| Matthew Fissel | on behalf of Creditor PNC BANK NA bkgroup@kmllawgroup.com, wbecf@brockandscott.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Richard Monti | on behalf of Creditor Township of Baldwin rmonti@grblaw.com aanderson@grblaw.com |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |
| Stephanie Roache | on behalf of Joint Debtor Patricia Louise Reick stephanie@cvhlawgroup.com |
| Stephanie Roache | on behalf of Debtor Edward Joseph Reick Jr. stephanie@cvhlawgroup.com |

TOTAL: 10