**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Case No. 26-21368-GLT |
| EDWARD JOSEPH REICK, JR. and PATRICIA LOUISE REICK, | Chapter 13 |
| | Related to Dkt. Nos. 29, 33,37, and 41 |
| Debtors. | |
| | Hearing: 9/16/26 at 3:30 p.m. |

**RESPONSE OF VAN HORN LAW GROUP, P.A. AND CHAD VAN HORN, ESQUIRE, TO THE COURT'S ORDER DATED SEPTEMBER 8, 2026 [DKT. NO. 41]**

1. Van Horn Law Group, P.A. ("VHLG") and Chad Van Horn, Esquire, submit this Response to the Court's Order dated September 8, 2026 [Dkt. No. 41] (the "Order"), and the Court's text order of August 5, 2026 [Dkt. No. 37], which identified the good faith of the Debtors and their counsel in pursuing chapter 13 relief and asserting certain exemptions, and the reasonableness of attorneys' fees, as matters for inquiry and invited supplemental information by August 24, 2026. No supplement was filed by that date. This Response supplies it. This Response addresses, in turn: (I) the exemption claimed on Schedule C; (II) the three related cases the Order identifies; (III) the Debtors' decision to seek voluntary dismissal; (IV) the fee arrangement disclosed in this case; and (V) counsel's non-appearance at the August 28, 2026 hearing. Attorney Van Horn will personally appear at the continued hearing on September 16, 2026, as directed.

## I. THE SCHEDULE C EXEMPTION

2. The Debtors' Schedule C claimed a homestead exemption under 11 U.S.C. § 522(d)(1) equal to 100% of the value of the real property located at 317 Larch Lane, Pittsburgh, Pennsylvania. Section 522(d)(1) permits an exemption only up to the statutory cap,

presently $31,575 per debtor, or $63,150 for these joint Debtors under 11 U.S.C. § 522(m). Counsel acknowledges this was error. It was not an attempt to shield non-exempt equity from the Debtors' creditors, as the following paragraph shows.

3. The Debtors' Chapter 13 Plan, filed the same day as the petition [Dkt. No. 8], discloses at Section 5.1 — as required by 11 U.S.C. § 1325(a)(4) — that the Debtors estimate $194,000 will be available for distribution to nonpriority unsecured creditors, and acknowledge a minimum of $110,000 must be paid to comply with the liquidation alternative test, with an estimated 100% payment to general unsecured creditors. That disclosure was part of the record before the Trustee's Objection was filed, and the Plan was confirmed on an interim basis on July 23, 2026 [Dkt. No. 27]. Counsel respectfully submits that the error, while it should not have occurred, did not operate to withhold value from the Debtors' unsecured creditors under the Plan as filed.

## II. THE OTHER CASES IDENTIFIED IN THE ORDER

4. The Order references three other VHLG cases in which a similar exemption issue arose: In re Frankhouser, Case No. 26-21367; In re Filipovic, Case No. 26-21424; and In re Schilling, Case No. 26-21235. In Frankhouser, an amended Schedule C correcting the exemption to the statutory cap was filed at ECF No. 29. Subsequently, an Order Confirming Plan on a Final Basis was entered at Dkt. No. 33. In Filipovic, an amended Schedule C correcting the exemption to the statutory cap was filed at Dkt. No. 32. In Schilling, as in this case, the debtor has separately elected to voluntarily dismiss the case, and an amended Schedule C has not been filed. Counsel respectfully submits that in two of the four cases identified, the error was identified and corrected by amendment; in the

other two, including this case, the debtors independently elected to discontinue their cases, before an amendment was filed.

## III. THE VOLUNTARY DISMISSAL

5. At the July 20, 2026 meeting of creditors the Trustee identified corrections, including the Schedule C exemption, that increased the required plan payment; on July 31, 2026 the Debtors instructed counsel in writing that they did not wish to proceed and asked that the case be dismissed; the Motion [Dkt. No. 33] was filed August 4, 2026; the Plan as filed proposed 100% to unsecured creditors, so dismissal prejudices no creditor; and, per W.PA.LBR 1017-1, no payment or consideration has been received or is anticipated by the Debtors or by counsel in connection with the dismissal.

## IV. FEE ARRANGEMENT

6. The Disclosure of Compensation of Attorney for Debtor(s) [Dkt. No. 5] discloses a flat fee of $5,000, of which $400 was paid prior to filing, with the $4,600 balance payable through the Plan. The disclosed scope of services includes analysis of the Debtors' financial situation and advice on whether to file; preparation and filing of the petition, schedules, statement of financial affairs, and Chapter 13 Plan; and representation at the meeting of creditors and confirmation hearing.

7. Consistent with that disclosed scope, counsel prepared and filed the petition, schedules, statement of financial affairs, and Chapter 13 Plan on May 13, 2026; appeared and represented the Debtors at the meeting of creditors on July 20, 2026 (continued to August 20, 2026); obtained confirmation of the Plan on an interim basis on July 23, 2026 [Dkt.

No. 27]; and prepared and filed the Motion to Voluntarily Dismiss following the Debtors' decision to discontinue the case.

8. Given the case's early discontinuance and the circumstances surrounding the case, VHLG refunded $400 back to the Debtors original form of payment on May 27, 2026. VHLG further waives the $4,600.00 balance and will not accept any fee in this case from the Debtors or through the Plan. The Trustee has disbursed $0.00 to VHLG and anything disbursed will be returned to the Trustee for the Debtors.

## V. COUNSEL'S NON-APPEARANCE AT THE AUGUST 28, 2026 HEARING

9. Counsel's office missed the deadline to register to appear remotely for the August 28, 2026 hearing on the Trustee's Objection. Upon discovering the error, counsel telephoned the Court's chambers and was informed that it was too late to be added for that hearing.

10. This was an inadvertent administrative error in registering for the hearing, not a decision to disregard the hearing or the Court's process, and counsel regrets the disruption it caused to the Court and the Trustee. Counsel also acknowledges that no written response to the Objection was filed under W.PA.LBR 9014-1 and that no supplemental information was filed by August 24, 2026, as Dkt. No. 37 invited. Neither reflects a decision to disregard the Court; both should have been done.

## VI. CONCLUSION

11. Attorney Van Horn will personally appear at the continued hearing on September 16, 2026 at 3:30 p.m. in Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street,

Pittsburgh, Pennsylvania, as directed, and is prepared to address any further questions the Court may have.

12. WHEREFORE, Van Horn Law Group, P.A. and Chad Van Horn, Esquire, respectfully submit this Response in satisfaction of the Court's September 8, 2026 Order [Dkt. No. 41], and request that the Court consider the foregoing in resolving the Chapter 13 Trustee's Objection to Debtors' Exemptions [Dkt. No. 29] and the Debtors' pending Motion to Voluntarily Dismiss Chapter 13 Case [Dkt. No. 33].

Dated: September 11, 2026

/s/ Chad Thomas Van Horn
Chad Thomas Van Horn, Esquire
FL Bar No. 64500
VAN HORN LAW GROUP, P.A.
5001 Baum Blvd., Suite 417
Pittsburgh, PA 15213
Phone: (412) 399-0000
Email: chad@cvhlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, a true and correct copy of the foregoing Response was served via the Court's CM/ECF electronic filing system upon all parties receiving electronic notice in this case, including:

Gary W. Darr on behalf of Creditor First Commonwealth Bank
gdarr@lenderlaw.com

Matthew Fissel on behalf of Creditor PNC BANK, NA
bkgroup@kmllawgroup.com, wbecf@brockandscott.com

Brent J. Lemon on behalf of Creditor Duquesne Light Company
Brent.Lemon@mccalla.com, mccallaecf@ecf.courtdrive.com

Richard Monti on behalf of Creditor Township of Baldwin
rmonti@grblaw.com, aanderson@grblaw.com

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
cmecf@chapter13trusteewdpa.com

/s/ Chad Thomas Van Horn
Chad Thomas Van Horn, Esquire